Martin, J.
The plaintiff states, that in the year 1805, she was married to the defendant’s son. to whom she brought $8599, in money or credits, cattle, and furniture; that she then possessed a negro woman, who has since had a child, now eight years of age; and during her marriage, a brother of her’s, gave her four cows and two heifers; that at her marriage, the defendant's son had *189 only a lot in the suburb St. Mary, worth $350, on which he afterwards erected several buildings, with monies which the plaintiff had at interest, and he collected. That she became a widow in 1820, and on the 12th day after, had an inventory made of the common property in the parish of St. Charles, and soon after, of that in the parish of Orleans. That on the 17th of August, 1809, her husband and herself, made a mutual donation to the survivor of them, of the usufruct of all the property which should be in their possession, at the time of the death of the party dying first.
East'n District.
July, 1821.
Wife has not a right to interest on paraphernal property during the year of mourning.
The petition concluded, that the plaintiff might be allowed to retain the negro woman and child, four cows, and two heifers, above mentioned, erroneously included in the inventory of the common estate, her armorie bed, bedding, and wearing apparel. That out of the sale of the common property, she may be allowed $8599, the amount of her matrimonial rights, with interest from the 19th of July last; $100 for mourning dresses; $2 per day for the keeping of the property of the community, and that the balance, after the payment of the debts of the community, be divided between her and the defendant; and that the furniture of the *190 community be given her, at the price of the estimation.
The defendant pleaded the general issue, and the nullity of the donation.
The judgment allows to the plaintiff the usufruct of the common property, possessed at the death of the husband, and the negro woman, whose child is declared to be common property, or acquet; the cows and heifers, and wearing apparel; $100 for mourning dresses; $8599 for her matrimonial rights; and the surplus to be equally devided, each party paying their own costs.
From this judgment, the defendant appealed, generally, and the plaintiff from so much of it as decrees, that the child of the negro woman was acquet; and also on account of no interest being allowed her for her dotal rights, at least from her husband's death.
At the hearing in this court, the defendant’s counsel confined his objections to the judgment of the district court—
1. To a sum of $818 33 cents, which he urges, was improperly allowed for interest.
2. To that of $620, allowed for the price of 31 head of cattle, which he thinks excessive.
3. To the allowance for mourning dresses, *191 which he insists ought not to have been made, the plaintiff being much richer than the deceased ; and if made at all, ought to be reduced.
4. To the admission of the donation as a valid one.
I. It does not appear to me, that there is sufficient evidence on the record, to justify the allowance of $813 claimed for interest.
II. By consent of counsel, the sum of $600, allowed by the court a quo, for the cattle is reduced to $372.
III. The allowance for mourning dress, does not appear to me extravagant. Widows are to be supplied with habitation and mourning dresses out of the succession. Civ. Code. 332, art. 52. id. 340, 83. Febrero addicionada, 2, 1, 7, sec. 3, n. 53. and no distinction is to be made between widows richer than the husband and others.
IV. The donation was absolutely void. " Married persons cannot, during marriage, make to each other, by an act inter vivos, or mortis causa, any mutual or reciprocal donation, by one and the same act." Cir. Code- *192 258. art. 225. It is not contended, that the donation in the present case, is not exactly such a one as is described in the above article, but it is urged, that the article is not a prohibiting one, and therefore does not import a nullity, as none is expressed. Id. 4, art. 12. I do not see how it could be possible to say, that what the law has said must not be done, can be valid.
1. The plaintiff complains, that the negro child was improperly considered as an acquet.
2. That no interest was allowed on her dotal right.
I. To shew that the child was not acquet, the plaintiff's counsel has cited, Part. 4, 11, 20, and Civ. Code, 332. art. 50.
There was not any matrimonial convention between the parties; hence there was no dot or dowry, and all the wife’s property was paraphernal. The child issued from a paraphernal slave, follows the condition of the mother, and as such is paraphernal.
II. Interest is claimed under the Civ. Code, 332. art. 52, where it is shewn, that the widow has her choice, either to claim the interest of her dowry, during the year of mourning, or to claim a sustenance out of the succession of *195 her husband. This does not shew that she has a right to interest on the proceed of her paraphernal property, in the hands of her husband's representatives.
Moreau for the plaintiff, Morel for the defendant.
I think the parish judge erred in allowing to the plaintiff the sum of $818 33 cents, in the allowance for cattle, which is too high in supporting the donation, and in considering the negro child as an acquet ; that consequently, we ought to reverse the judgment, and ours ought to be—
That the dotal rights be recovered without interest; that the allowance for the cattle be reduced to $372; and that the allowance for mourning dresses be confirmed.